OPINION TO THE GOVERNOR.

JUNE 21, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

THE SUPREME COURT.

June 21, 1928.

*To His Excellency Norman S. Case, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency a request for a written opinion upon the following question, involved in your communication of June 5, 1928:

"If, for the purpose of making the payments required by Chapter 1012 of the Public Laws of 1927, the town council of the town of East Providence shall hire from time to time on the notes or bonds of such town and on such terms and conditions as said town council may prescribe, an amount not exceeding the whole sum which said town may be required to expend under the provisions of said chapter, will such notes or bonds or renewals thereof constitute valid and legal obligations of said town of East Providence?"

Said chapter 1012 creates a commission to prepare plans and proceed to erect a bridge at or near the site of the

present Washington bridge over the Seekonk river. The act provides that: "The commission may take by purchase or condemnation such lands and interests in lands in the city of Providence and in the town of East Providence as it may deem necessary for suitable approaches and supports of the bridge authorized to be constructed under this act."

Section 5 of said act, after providing that the city of Providence shall pay for certain damages to property and for all lands and interests therein in said city that it may be necessary for the commission to take or acquire, provides that: "The town of East Providence shall pay for all damages to property for which the state may be liable in locating said bridge in said town, and for all lands and interests in land in said town that it may be necessary for the commission to take or otherwise acquire for suitable approaches and supports of said bridge, and the town treasurer of the town of East Providence shall make such payments from the town treasury upon receipt of orders as hereinafter provided. . . . For the purpose of making the payments required by this section the city council of the city of Providence and the town council of the town of East Providence are hereby authorized to hire from time to time, on the respective notes or bonds of such city or town and on such terms and conditions as said city council and town council may respectively prescribe an amount not exceeding the whole sum which said city and said town may be required to expend under the provisions of this section."

The real question is whether it is necessary, in order to create a valid and legal obligation against the town of East Providence, that the expenditure and indebtedness be authorized by a financial town meeting of said town.

In considering this question it is necessary to inquire whether the General Assembly, in adopting said act, intended, without the consent of a financial town meeting of said town, to impose the obligation upon the town, and, if so, whether the act in that respect violates any provision of the Constitution.

It is clear that the General Assembly, without regard to the wishes of the electors entitled to participate in a financial town meeting of said town, intended to impose upon the town the obligation of paying for certain damages to property and for the lands taken or otherwise acquired in said town. The language of the act is: The town of East Providence shall pay for all damages to property . . . and for all lands and interests in land in said town that it may be necessary for the commission to take or otherwise acquire." No provision is made for a referendum to a financial town meeting. The act provides that the State shall pay for the bridge and that the city and town shall each pay for property damages and land taken or acquired within the respective limits of said city and town. If a referendum has been provided, a financial town meeting, by refusing to accept the obligation, might render nugatory the whole scheme for constructing the bridge.

The act in effect imposes a tax on the city of Providence and the town of East Providence. Does the Constitution prohibit the General Assembly from imposing such a tax?

The following provisions of the Constitution are involved: Art. I, Sec. 2, provides that "the burdens of the state ought to be fairly distributed among its citizens." Art. IV, Sec. 15, provides that: "The general assembly shall, from time to time, provide for making new valuations of property, for the assessment of taxes, in such manner as they may deem best."

AMES, C. J., in *The Matter of Dorrance Street*, 4 R. I. at 249, said: "But evidently a wide discretion with regard to the distribution of the burdens of state amongst the citizens was intended to be reposed in the general assembly by the will of the people, as signified in this clause of the constitution. The form is 'ought to be,' the word is 'fairly' distributed, not 'equally'."

In reference to said section 15, this court, in *Re Warwick Financial Town Council*, 39 R. I. at 13, said: "The power of taxation is vested primarily in the state, and may be

lawfully exercised by the subordinate political bodies of the state only in so far as and in the manner in which said power is delegated to them by the legislature. Up to this time, it has been the statute law in Rhode Island that in towns the taxing power shall be exercised by the qualified voters in town meeting assembled. But this has been only by virtue of express statutory authority. The General Assembly may provide that towns may exercise the taxing power in any other way that is deemed expedient provided no provision of the Constitution is violated." Page 6 of the same opinion contains the following language: "From very early times the course of legislation by the General Assembly has furnished a legislative construction that the towns derived all their powers from the legislative enactments passed from time to time", and on page 12 of said opinion the court said: "No doubt has ever been expressed of the plenary power of the General Assembly over the entire subject of taxation, except as limited by express constitutional provision, and this court has so held." See also *City of Newport* v. *Horton*, 22 R. I. 196; *Horton* v. *City of Newport*, 27 R. I. 283.

It is not uncommon for a legislature to burden a municipality with the expense of a public improvement—especially when it is not of purely local concern. A highway bridge connecting two municipalities is of general benefit to the public and a special benefit to each of the two municipalities. It has been frequently held that the legislature could apportion between two such municipalities the expense of constructing such a bridge. See 28 Cyc. at 302 and authorities cited.

The General Assembly by Chapter 649 of the Public Laws of 1910, imposed upon the cities of Pawtucket and Central Falls the cost of erecting a bridge connecting the two cities.

There is here no attempt to take for public use property acquired by a municipality in its private or proprietary capacity. Indeed, so far as the question propounded is

concerned there is no taking whatever. The town is desirous of borrowing through its town couciln money with which to fulfill its obligations relative to the building of said bridge. The General Assembly authorized the town council of said town to pledge the credit of the town in order to obtain funds to be used for a special purpose. Such authorization creates an additional procedure—more simple than calling a financial town meeting—for borrowing money.

The General Assembly has frequently authorized a town council to borrow money to be used by the town for a special purpose. See Chapters 898, 906, 916 and 918, Public Laws of 1926.

When the money is borrowed it will be received and paid out by the town treasurer the same as if the money had been borrowed by him by authority of a financial town meeting.

The Constitution secures to no class of voters in said town the right to vote upon the question whether the money shall be appropriated, or how, or by what officers. *In Re Warwick Financial Town Council, supra;* 19 R. 'C. L. 758, 759; 28 Cyc. 302, 308.

Our answer to the question propounded is in the affirmative.

WILLIAM H. SWEETLAND,
CHARLES F. STEARNS,
ELMER J. RATHBUN,
JOHN W. SWEENEY,
CHESTER W. BARROWS.

*Louis V. Jackvony, 3rd Asst. Atty.-Gen.*
*A. Truman Patterson, Town Solicitor of East Providence.*
*Harold E. Staples, Esq.,* appeared and argued.